UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERLAKE GROUP, L.L.C SECURITIES LITIGATION<br><br>This document applies to all actions. | Case No. 20-cv-02341-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. Nos. 159, 161, 164 |

Now before the Court for consideration are motions to dismiss filed by: (1) BC Partners LLP, Serafina S.A., BC European Capital VIII, BC European Capital-Intelsat Co-Investment, BC European Capital-Intelsat Co-Investment 1; CI Management II Limited, LMBO Europe SAS, Raymond Svider ("Svider"), and Justin Bateman ("Bateman") (collectively "BC Partners"); (2) Silver Lake Group, L.L.C., SLP III Investment Holdings S.a.r.l., Silver Lake Partners III, L.P., Silver Lake Technology Investors III, L.P., Silver Lake Technology Associates III, L.P., and STLA III (GP), L.L.C. ("Silver Lake"); and (3) David McGlade ("McGlade). The Court has considered the parties' papers, relevant legal authority and Lead Plaintiff's statement of recent decision, and the record in this case. The Court HEREBY GRANTS the motions.

## BACKGROUND[1]

In this securities class action, Lead Plaintiff (Walleye Opportunities Master Fund Ltd. and Walleye Manager Opportunities LLC) alleges Defendants traded stock of Intelsat S.A. ("Intelsat")

---

[1] The Court accepts the facts it recites as true for purposes of resolving Defendants' motions. Defendants filed new exhibits with these motions. The Court has not considered any exhibit not previously submitted and addressed in its Order granting, in part, and denying, in part, Defendants' motions to dismiss Lead Plaintiff's First Amended Complaint. *See In re Silverlake Sec. Litig.*, 2022 WL 4485815 (N.D. Cal. Sept. 27, 2022).

while in possession of material, non-public information, in violation of Section 10(b) of the Securities Exchange Act (15 U.S.C. section 78j(b)), Rule 15(b) thereunder (17 C.F.R. section 240.10b-5), and section 20A of the Exchange Act (15 U.S.C. section 78t-1). The Court recounted the facts underlying the dispute in its Order granting, in part, and denying, in part, Defendants' motion to dismiss the first amended complaint ("FAC"). Because Lead Plaintiff's allegations remain largely unchanged, the Court will not repeat those facts in detail. *In re Silverlake*, 2022 WL 4485815, at *1-*4.

Lead Plaintiff amended to include allegations from a third confidential witness ("CW-3") about relationships between Intelsat's leadership team and their communication style, testimony and information from Intelsat's bankruptcy proceedings about the meeting with the FCC on November 5, 2019, and information about an Intelsat board meeting held on November 14, 2019.

In brief, Lead Plaintiff alleges that Defendants traded on material non-public information in a block sale in which McGlade, BC Partners, and Silver Lake sold $246 million of Intelsat stock through a private block sale conducted by Morgan Stanley.[2] On November 18, 2019, the FCC announced it would hold a public, rather than a private, auction for C-Band licenses. Intelsat's stock price declined by about 40%, 70% lower than it closed on November 5, 2019. On February 20, 2020, the FCC voted 3-2 to reject the C-Band Alliance's proposal and to adopt a public auction. On May 14, 2020, Intelsat filed for bankruptcy. (*See* Second Amended Class Action Complaint ("SAC"), ¶¶ 4-41.)

The Court will address additional facts in the analysis.

## ANALYSIS

The Court set forth the relevant legal standards in its previous Order and incorporates them by reference. *In re Silverlake,* 2022 WL 4485815, at *4-*7. Lead Plaintiff does not include any new allegations about the Silverlake Defendants in the SAC and does not engage with their arguments on that point. The Court has considered Lead Plaintiff's arguments but for the reasons set forth in its previous Order, the Court GRANTS the Silverlake Defendants' motion to dismiss.

---

[2] Lead Plaintiff continues to rely on allegations from confidential witnesses, CW-1 and CW-2. *See In re Silverlake*, 2022 WL 4484815, at * n.4.

1    *See id.*, at *8-*10.

2    The majority of the allegations regarding the BC Partners Defendants remain unchanged, including the fact that Bateman and Svider sat on Intelsat's Board of Directors. Lead Plaintiff still does not allege that Intelsat held a board meeting before the block trade. It now alleges that Intelsat held a board meeting on November 14, 2019, where it formally recognized the FCC's purported change of position on the C-Band auction. Lead Plaintiff also includes allegations from CW-3, an Intelsat VP, who reports that Bateman and Svider were "very involved" with Intelsat and would sometimes work there. CW-3 also reported that updates on the C-Band negotiations often would be done in person and that because of the significance of the auction, members of Intelsat's management team were paying close attention to the issue. (*See, e.g.,* SAC ¶¶ 114-118.) CW-3 does not allege that Bateman or Svider were present at Intelsat's offices on November 5 and they are not included in lists of persons who allegedly received email communications from Intelsat. The Court concludes the amendments do not add to the existing allegations and are insufficient to state a claim against the BC Partner Defendants. *See, e.g., In re Silverlake*, 2022 WL 4485815, at *8-10. Accordingly, the Court GRANTS their motion.

Lead Plaintiff also relies on CW-3 to support show McGlade must have received information about the November 5 meeting and possessed that information when he participated in the block sale. As with CW-1 and CW-2, CW-3 does not include any information about specific communications at the relevant time period. CW-3 simply surmises that Intelsat management must have updated McGlade. Lead Plaintiff also refers to bankruptcy filings regarding real time communications but again fails to reference any communications between Intelsat management and McGlade immediately following the November 5 meeting. Accordingly, the Court concludes the amendments do not add to the existing allegations and remain insufficient to state a claim against McGlade. *See id.*

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss. The SAC is the third iteration of Lead Plaintiff's complaint, and the Court concludes that any further amendments would be futile. Accordingly, the Court DISMISSES Lead Plaintiff's claims with

3

prejudice.  The Court shall enter a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: April 26, 2023

_____
JEFFREY S. WHITE
United States District Judge